F I L E D

APR 1 5 2010 **NF**

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

*PH*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WAYNE CABLE, an individual, | ) | **JURY DEMANDED** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **10cv2331** |
| -vs- | ) | |
| | ) | **Judge Samuel Der-Yeghiayan** |
| ANTUNOVICH ASSOC., INC, an Illinois | ) | **Magistrate Susan E. Cox** |
| corporation, and DOE I through DOE V, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, WAYNE CABLE, by his attorney, MARK H. BARINHOLTZ, P.C., complains

against defendants, and each of them jointly and severally, and alleges:

### Jurisdiction and Venue

1.      This Court has jurisdiction over this case under 28 U.S.C. § 1338(a) and (b), and

§ 1367. Venue is properly laid in this District under 28 U.S.C. § 1391(b) and (c), and § 1400(a).

### Parties

2.      Plaintiff, WAYNE CABLE ("CABLE") is an experienced professional

photographer located in Chicago, Illinois. At all times relevant, Cable has been engaged in the

business of commercial photography, concentrating in the creative portrayal of people and

architectural subject matters.

3.      Defendant, ANTUNOVICH ASSOCIATES, INC. ("ANTUNOVICH") is, upon

information and belief, a corporation organized under the laws of the state of Illinois, and has at all

times relevant been engaged in the business of architecture and design. ANTUNOVICH maintains

its offices and studio headquarters in Chicago, Illinois.

4.      On information and belief, one or more persons and/or firms whose identities

and/or roles in connection with the circumstances complained of herein are not fully known or

disclosed to plaintiff as of the filing of this action, but are either affiliated with or otherwise directly

or indirectly supervised, participated in or financially benefitted from the unlawful acts described

herein below, are herein named as defendants DOE I through DOE V.

## **Background**

5.     At or about May 2006, CABLE was contacted by a Chicago real estate developer Smithfield Properties ("the Developer") who requested CABLE provide photographic services, and to license certain of CABLE's photographs to be created thereby.

6.     Further to that request, CABLE created a series of digital color photographs depicting interiors and exteriors of a multi-million dollar loft development on Chicago's north side, the property located at 1237 West Fullerton Avenue, in the Lincoln Park/DePaul neighborhood ("the Loft-Right"). ("the Works")  Copies of three of the Works are attached hereto (in B&W) as a group Exhibit "A". (the "Infringed Works")   .

7.     When creating and submitting his Works for reproduction and use as part of the Developer's marketing of the Loft-Right project, CABLE communicated conditions for use and license of such imagery, and it was then and there and at all times relevant, understood and agreed by the Developer, *inter alia*, that use of each Work(s) be limited to the Developer only, for such Developer's marketing, advertising and website purposes for prospective rental of units within the Loft-Right project, and the potential sale of the development property as a whole, but that other uses for the images could be granted, if at all, only by CABLE's further permission.

8.     It was further understood and agreed by the Developer that, other than the aforesaid license, the authorship and copyright ownership, and all copyright rights, title and interest in the Works, would remain exclusively with CABLE.

9.     At or about June and July 2006, CABLE created the Works, and made them available to the Developer, pursuant to the foregoing license.

10.     Each Work was intended by CABLE, and used as applicable by the Developer, as a means of creatively presenting the Loft-Right development depicted for the promotional purpose of generating interest in order to spur unit rentals, and ultimately drive the sale of the designated multi-million dollar property.

11.     Each of the Works contain substantial material wholly original with CABLE, and

constitute copyrightable subject matter under the copyright laws of the United States of America.

12.     ANTUNOVICH owns and operates an online website, *<www.antunovich.com>* ("the Infringing Website") which it uses to market its own architecture and design services.

13.     At or about early July 2009, CABLE learned that ANTUNOVICH, through its website, had caused or contributed to cause certain of CABLE's Works (the "Infringed Works") to be copied and infringed by various means, including but not limited to, (i) by displaying reproductions of the Infringed Works for purposes of advertising the architectural services of ANTUNOVICH, (ii) by disseminating such reproductions of the Infringed Works worldwide via the Internet, and (iii) by displaying copies of the Infringed Works on the Infringing website through digital means as the purported licensee of CABLE, (the "Infringing Uses"), but without any permission or authorization from CABLE. Copies of the Infringed Works as they appear on the Infringing Website (but in B&W), are attached hereto as a group Exhibit "B".

14.     That at or about Summer 2009, CABLE retained counsel to communicate with ANTUNOVICH in an effort to resolve the infringements through  compromise, and without involving the court. That despite such efforts, which did result in the temporary removal of such Infringed Works from the Infringing Website, the defendant has otherwise failed and refused to resolve all issues pertaining to the infringement, including but not limited to acknowledging the permanent cessation of use of such images and a reasonable monetary compensation for all such unauthorized uses as were engaged in by said defendant.

15.     That the defendant's Infringing Uses of the Infringed Works, or such of them as are known to plaintiff as of the filing of this action, were concentrated on and emanated from the Infringing Website visually, prominently and were thereby calculated to serve creative and promotional goals for ANTUNOVICH's Infringing Website and its firm generally, namely, to attract attention, and to generate interest in ANTUNOVICH's architecture and design services.

16.     At all times relevant, the results of CABLE's photographic services, including the unauthorized use of CABLE's Infringed Works, were carefully selected by ANTUNOVICH to

3

have significant impact and emphasis, and to serve as a catalyst to enhance the likelihood of new engagements for ANTUNOVICH's services, desired to be exploited by said defendant, and all as a means to multiply its own economic gain.

17.     In addition,  and despite that defendant attributed copyright for the Infringed Works in CABLE, defendant, by its failure to obtain CABLE's permission to do so, has improperly used CABLE's name in a style and manner suggesting that CABLE approved, endorsed or otherwise had granted permission for such use on the Infringing Website when, in fact, that was not true. A copy of one of the uses of CABLE's name, as enlarged, is attached hereto as Exhibit "C".

18.     Such use by ANTUNOVICH of CABLE's name, without first obtaining his permission, deprived CABLE of the right to bargain for such use, and otherwise exercise quality control over the manner of use of his own name.

## COUNT I
### (Title 15 U.S.C. § 1125(a), Lanham Act § 43(a))

19.     Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 18 hereof, and for this Count I alleges against defendants, and each of them jointly and severally, as follows.

20.     That defendants knew or had reasonable grounds to know that CABLE was the true and lawful author and copyright owner of the Infringed Works.

21.     Defendants, by their deliberate reproduction and dissemination of the Infringed Works in the Infringing Website without CABLE's permission, evidenced their intentions to do and/or omit to do one or more of the following: (i) to alter and/or modify CABLE's Works without his input or permission, (ii) to reproduce and display the Works without any editorial participation from CABLE so that the Infringing Website does not reflect his vision in connection with the selection or manner of use(s) of CABLE's own photographic Works, and (iii) to associate the Infringed Works with CABLE, in a manner which suggests that CABLE approved, endorsed or

otherwise had granted permission for such use on the Infringing Website, *inter alia*, and all without the permission, consent, authorization or approval of plaintiff.

22.     Consequently, the Infringing Uses and reproductions purport to suggest or create the impression, *inter alia*, that the lawful copyright owner CABLE has endorsed and approved of such selection and use(s) of his Infringed Works, when in fact those suggestions, impressions and representations are not true.

23.     Defendants' wrongful use and/or misuse of CABLE's name, are uses in commerce, and constitute acts of unfair competition and an infringement of plaintiff's common law and statutory rights in his name, identity and services.

24.     Defendants have engaged, and/or threaten to continue to engage, in the aforementioned conduct with the intent to deceive the purchasing public and others, or otherwise having the likelihood that such deception will be the result.

25.     Defendants' acts have been, and are threatened to be, committed with the intent to misrepresent defendants' infringing uses as being endorsed or approved of by plaintiff "WAYNE CABLE," and all to the deception of the purchasing public and others in violation of the Lanham Act, § 43(a) thereof.

26.     Defendants' acts, practices and conduct constitute unfair competition, false or misleading designation, description or representation, false advertising, and/or unfair and deceptive trade practices in that they are likely to cause confusion and mistake by the purchasing public and/or others with respect to the professional services of CABLE, all in violation of the Lanham Act, § 43(a) thereof.

27.     The aforesaid false and misleading designations and impressions have caused, and are likely to continue to cause, plaintiff irreparable harm and economic injury, for which plaintiff's remedy at law is inadequate.

5

## COUNT II
### (Statutory Consumer Fraud)

28.     Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 27 hereof, and for this Count II alleges against defendants, and each of them jointly and severally, as follows.

29.     Defendants' aforesaid acts, practices and conduct constitute unfair and deceptive business practices and consumer fraud in violation of the Consumer Fraud and Deceptive Business Practices Act, Illinois Compiled Statutes, 815 ILCS 505/2, § 2.

30.     As a direct and proximate result of the aforesaid acts, practices and conduct, plaintiff is likely to continue to be substantially injured in his business, including his reputation, resulting in lost income and diminished goodwill.

31.     By reason of the foregoing, plaintiff has been and will be injured in an amount not yet ascertained.

## COUNT III
### (Statutory Deceptive Trade Practices)

32.     Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 31 hereof, and for this Count III alleges against defendants, and each of them jointly and severally, as follows.

33.     Such conduct and acts aforesaid by defendants constitute unfair and deceptive trade practices within the meaning and intendment of the Illinois Compiled Statutes, Chapter 815, Sections 510/2, § 2(2), § 2(3), § 2(5) and § 2(12), thereof.

34.     Plaintiff has no adequate remedy at law, and the aforesaid false and misleading descriptions and misrepresentations have caused, and are likely to continue to cause, plaintiff economic injury and irreparable harm.

6

## COUNT IV
### (Common Law Unfair Competition)

35.      Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 34 hereof, and for this Count IV alleges against defendants, and each of them jointly and severally, as follows.

36.      Defendants' aforesaid acts, practices and conduct are likely to cause confusion or mistake in the minds of the purchasing public and others, and constitute common law unfair competition by defendants against plaintiff.

37.      As a direct and proximate result of the aforesaid acts, practices and conduct, CABLE has been and/or is likely to be substantially injured in his profession, including his reputation, resulting in lost income and diminished goodwill and reputation.

38.      CABLE has no adequate remedy at law in that his name, identity and services are unique and represent to the purchasing public and others CABLE's identity, reputation and goodwill, such that damages alone cannot fully compensate CABLE for defendants' misconduct.

39.      That the aforesaid false and misleading descriptions and misrepresentations have caused, and are likely to continue to cause, plaintiff economic injury and irreparable harm.

## COUNT V
### (Title 17 U.S.C. § 501, Copyright Act Infringement vs. ANTUNOVICH)

40.      Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 39 hereof, and for this Count V alleges against defendant ANTUNOVICH, as follows.

41.      That as the firm that owns and operates the Infringing Website, ANTUNOVICH, on information and belief, has reserved for itself and exercises significant rights of control over and/or participation in the development, preparation, design, marketing, distribution and maintenance of such online asset, including but not limited to copyright protected photographic images and the names and identities of the authors thereof, as well as the financial benefit to be derived therefrom.

7

42.     At least as early as July 2009, and upon information and belief at times prior thereto, defendant ANTUNOVICH infringed CABLE's Works, and his exclusive rights therein, by various means, including but not limited to, the aforesaid reproductions, displays and disseminations of the Infringed Works, without having first obtained a license therefor.

43.     That such acts aforesaid by defendant ANTUNOVICH were for its own commercial use and benefit and infringed upon plaintiff's exclusive copyright rights in the Infringed Works.

44.     That such copyright infringement(s) aforesaid have continued through approximately Fall 2009, but as of the filing of this action, such infringing uses, upon information and belief are likely to resume and continue.

45.     CABLE has complied with all registration and deposit requirements of the federal copyright laws, and has obtained copyright registration for each of his copyrighted Works under Registration No. VAu-733-649, effective January 16, 2007. Evidence of the Registration, which includes the Infringed Works, is attached hereto as Exhibit "D".

46.     That by virtue of the acts hereinabove alleged, defendant ANTUNOVICH has infringed plaintiff's copyrights, and plaintiff has been caused to and has thereby suffered and sustained irreparable harm and economic injury.

## COUNT VI
### (Liability vs. Doe I through Doe V)

47.     Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraph 1 through 46 hereof, and for this Count VI alleges against defendant(s) Doe I through Doe V, as follows.

48.     On information and belief, one or more individual(s), firm(s), affiliate(s) or contractor(s) acted in concert with defendant ANTUNOVICH, or its Infringing Website, or others, and were a conscious, active and/or dominant force causing or contributing to cause, and which resulted in the unlawful infringements and unfair competition herein alleged.

8

49.     On information and belief, those individuals, firms, affiliates and/or contractors personally or directly contributed to, authorized and/or participated in infringing and/or unfairly competing against CABLE's Works, and his exclusive rights therein, including his rights to bargain for attribution and integrity, by the various means aforesaid, *inter alia.*

50.     That such liability of the said DOE defendants may be assessed by the court not only for their direct acts or participation, but on the basis of their contributory acts or vicarious participation in the Infringing Uses or otherwise.

51.     That such tortious acts were for their own individual gain and benefit, as well as the gain and benefit of their firms, affiliates or contractors, and infringed upon and/or unfairly competed against CABLE's exclusive copyrights and attribution rights in the Infringed Works.

52.     That such infringement and unfair competition aforesaid continued through approximately Fall 2009, but is likely and/or is threatened to resume and continue on an ongoing basis.

53.     That by virtue of the acts hereinabove alleged, defendants DOE I through DOE V infringed CABLE's copyrights and/or unfairly competed against CABLE, and he has been caused to and has thereby suffered and sustained irreparable harm and economic injury.

## COUNT VII
### (Attorney Fees & Exemplary Damages)

54.     Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 53 hereof, and for this Count VII alleges against defendants, as follows.

55.     Plaintiff seeks to recover the cost of enforcement of this legal action, in part including attorney fees, and exemplary damages, on the grounds hereinafter alleged.

56.     That despite that knowledge aforesaid, ANTUNOVICH, acting in concert with various of the DOE defendants, willfully and deliberately engaged in the foregoing infringements, deceptive practices and acts of unfair competition.

57.     Defendant(s)' deliberate and willful conduct has required plaintiff to employ legal counsel to file this action for violations, including of the Lanham Act, and the Illinois Unfair and Deceptive Trade Practices Act and for Consumer Fraud, and for violations of the Copyright Act of the United States.

58.     For the infringement of copyright in the infringed Works through the unlawful reproduction thereof, *inter alia*, as allowed pursuant to 17 U.S.C. § 412 plaintiff is entitled to the recovery of his costs of enforcement, including attorney fees, because the effective date of registration of the Works by CABLE sued upon herein, is made, upon information and belief, prior to the commencement of infringement.

59.     That the Copyright Act, § 504(c) thereof, also provides, *inter alia*, that willful infringement of copyright is punishable by an award of statutory damages in amounts up to and including $150,000.00 for each Work infringed.

60.     Therefore, defendants ANTUNOVICH including their respective officers, agents and employees who personally or directly contributed to, authorized and/or participated in infringing CABLE's Works and otherwise engaging in unfair competition and/or deceptive trade practices, and various of the DOE defendants, and each of them jointly and severally, are liable to plaintiff for such reasonable attorney fees, and exemplary damages, incurred in this action as may be allocated to the applicable Work(s) and violations.

WHEREFORE, plaintiff, WAYNE CABLE, prays for findings of infringement, and unfair competition, and judgment in his favor and against defendants, and each of them jointly and severally, as follows:

A.     That defendants be required to deliver up to plaintiff or destroy all copies of the Work(s), including the Infringed Works, in all media and versions, and all print media, and electronic and digital files, embodying the copyrighted photographic Work(s), including all printed and electronic versions and other materials embodying or reproducing the Work(s);

10

B.      That defendants be required to pay to plaintiff such actual damages as plaintiff has sustained in consequence of defendants' infringements, and other unlawful acts, and to account for all gains, profits and advantages derived by defendants therefrom, or such statutory damages for all infringements and wrongs as shall appear proper within the provisions of the copyright, trademark and deceptive practices laws;

C.      That such damages otherwise assessed be increased if infringements and wrongful acts are found to be committed willfully;

D.      That exemplary and/or punitive damages be assessed if infringements and acts of unfair competition, and other wrongful acts, including but not limited to consumer fraud and deceptive business practices, are found to be committed knowingly;

E.      That the Court grant such other and further relief as is reasonable to remedy defendant(s)' wrongful acts by any means, either at law or in equity, including but not limited to injunction, impounding and reasonable disposition of all infringing articles;

F.      Together with reasonable attorney fees and plaintiff's costs, plus interest.


PLAINTIFF DEMANDS TRIAL BY JURY


                              WAYNE CABLE, an individual,
                              Plaintiff.

                              By _____
                                       ATTORNEY


ATTORNEY FOR PLAINTIFF:

Mark Barinholtz
MARK H. BARINHOLTZ, P.C.
55 West Monroe Street
Suite 3600
Chicago, IL 60603
(312) 977-0121

# Exhibit "A"







# Exhibit "B"



**ANTUNOVICH ASSOCIATES**

MIXED-USE / RETAIL
INSTITUTIONAL
MASTER PLANNING
PRESERVATION
RESIDENTIAL

DEPAUL UNIVERSITY
DEPAUL SCIENCE BLDG
THE LOFT-RIGHT
DEPAUL STUDENT
RESIDENCES
DEYMEL CENTER
STUDENT ATHLETIC
CENTER
RAY MEYER REC CENTER
LEVAN/O'CONNELL CENTER
BARNES & NOBLE COLLEGE
BOOKSTORE & STUDENT CENTER
AUTOMATIC LOFTS
CATHOLIC THEOLOGICAL
UNION
LINK UNLIMITED
UNIVERSITY CENTER OF
CHICAGO
CHICAGO PUBLIC LIBRARIES
UNIVERSITY OF CHICAGO
REYNOLDS CLUB STUDENT
CENTER

PROFILE
ON THE BOARDS
PROJECTS
CONTACT

**The Loft-Right** / Chicago, Illinois

The Loft-Right Student Apartments is an exciting new residential facility for all DePaul University students located on Fullerton Avenue. This unique state-of-the-art building provides accommodations for 560 upper division and graduate students in 170 separate apartments.

The privately owned facility has been designed in a contemporary "loft" vernacular with exposed structural floors and ceilings, exposed spiral ductwork and eclectic furnishings. The facility integrates

Client:
Smithfield XXXV

Area:
247,500 SF

Completion Date:
2008

All rights reserved © 2000-2009 Antunovich Associates



**ANTUNOVICH ASSOCIATES**

MIXED-USE / RETAIL
**INSTITUTIONAL**
MASTER PLANNING
PRESERVATION
RESIDENTIAL

DEPAUL UNIVERSITY
  DEPAUL SCIENCE BLDG
  THE LOFT-RIGHT
  DEPAUL STUDENT
  RESIDENCES
  DEPAUL CENTER
  STUDENT ATHLETIC
  CENTER
  RAY MEYER REC CENTER
  LEVAN/O'CONNELL CENTER
BARNES & NOBLE COLLEGE
BOOKSTORES & STUDENT CENTERS
AUTOMATIC LOFTS
CATHOLIC THEOLOGICAL
UNION
LINK UNLIMITED
UNIVERSITY CENTER OF
CHICAGO
CHICAGO PUBLIC LIBRARIES
UNIVERSITY OF CHICAGO
REYNOLDS CLUB STUDENT
CENTER

PROFILE
ON THE BOARDS
PROJECTS
CONTACT

**The Loft-Right** / Chicago, Illinois
The Loft-Right Student Apartments is an exciting new residential facility for all DePaul University students located on Fullerton Avenue. This unique state-of-the-art building provides accommodations for 580 upper division and graduate students in 170 separate apartments.

The privately owned facility has been designed in a contemporary "loft" vernacular with exposed structural floors and ceilings, exposed spiral ductwork and eclectic furnishings. The facility integrates

Client:
Smithfield XXXV

Area:
247,500 SF

Completion Date:
2006

all rights reserved © 2000-2009 Antunovich Associates



All rights reserved © 2005-2009 Antunovich Associates

# Exhibit "C"



# Exhibit "D"

# ☾opyright
United States Copyright Office

| **Help** | **Search** | **History** | **Titles** | **Start Over** |

---

# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Copyright Number = VAu000733649
Search Results: Displaying 1 of 1 entries

 

---

*Wayne Cable photographs 2006-1.*

**Type of Work:** Visual Material
**Registration Number / Date:** VAu000733649 / 2007-01-16
**Title:** Wayne Cable photographs 2006-1.
**Copyright Claimant:** Wayne E. Cable, 1957-
**Date of Creation:** 2006
**Copyright Note:** Cataloged from appl. only.
**Names:** Cable, Wayne E., 1957-

 

---

| **Save, Print and Email (Help Page)** |
| Select Download Format ( Full Record ◆ ) ( Format for Print/Save ) |
| Enter your email address: _____ ( Email ) |

---

Help   Search   History   Titles   Start Over

Contact Us  |  Request Copies  |  Get a Search Estimate  |  Frequently Asked Questions (FAQs) about
Copyright  |  Copyright Office Home Page  |  Library of Congress Home Page